## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JACOBY A. M. DUBOSE**<br>7209 13th Place<br>**Takoma Park, Maryland 20912** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Action No. _____** |
| | * | |
| **CAPITAL ONE**<br>11 South 12th Street<br>**P.O. Box 1463**<br>**Richmond, VA 23218** | * | |
| | * | |
| | * | |
| **DFS SERVICES LLC**<br>12500 Lake Cook Rd.<br>**Riverwoods, Il 60015** | * | |
| | * | |
| **LOWE'S COMPANIES, INC.**<br>P.O. Box 1111<br>**Wilkesboro, NC 28656** | * | |
| | * | |
| **EQUIFAX INFORMATION**<br>**SERVICES LLC**<br>1550 Peachtree St.<br>**Atlanta, GA 30309** | * | |
| | * | |
| **TRANS UNION LLC**<br>555 W. Adams St.<br>**Chicago, IL 60601** | * | |
| | * | |
| **EXPERIAN INFORMATION**<br>**SOLUTIONS, INC.**<br>475 Anton Blvd.<br>**Costa Mesa, CA 92626-7036** | * | |
| | * | |
| **Defendants.** | | |

*   *   *   *   *   *   *   *   *   *   *

## NOTICE OF REMOVAL

Defendant Experian Information Solutions, Inc. ("Experian"), incorrectly named

and sued as Experian, by its undersigned counsel hereby files this Notice of Removal of

Case No. 0005985-08 from the Superior Court of the District of Columbia, wherein it is now pending, to the United States District Court for the District of Columbia, the District Court of the United States embracing the place where this action is pending. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support hereof, Discover states as follows:

1.      An action was commenced against Experian in the Superior Court of the District of Columbia, entitled *Jacoby A. M. DuBose v. Capital One et al.*, Case No. 0005985-08 ("the State Court Action") on or about August 21, 2008. Defendant Experian was served with a copy of the Summons and Complaint on August 21, 2008; Equifax  was served on August 21, 2008; Discover Card was served on August 22, 2008; Trans Union was not served with the Complaint; Lowes was not served with the Complaint and settled with the Plaintiff on September 16, 2008; Capital One was dismissed from the case on August 19, 2008. A copy of Plaintiff's Complaint is attached to this Notice of Removal as Exhibit A.

2.      This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 and may be removed to this Court by Experian pursuant to the provisions of 28 U.S.C. § 1441(b), as it is a civil action founded on a claim or right arising under the laws of the United States. Removal is thus proper because Plaintiff's claim presents a federal question. 28 U.S.C. § 1441(b). In the Complaint, Plaintiff seeks damages for the defendants' alleged violations of the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

3.      Furthermore, there also exists complete diversity of citizenship between the Plaintiff and Defendants, as none of the Defendants are citizens of the District of

Columbia, in which the State Court Action has been brought and the matter in controversy exceeds, exclusive of interest and costs the sum or value of $75,000.00; therefore, this Court has jurisdiction pursuant to 28 U.S.C. § 1332. On that basis, this action may be removed by Experian pursuant to 28 U.S.C. § 1441(b).

4.      Discover Card filed a motion on September 2, 2008 to certify and consolidate this action with a parallel action in the Superior Court of the District of Columbia, Small Claims and Conciliation Branch. That motion and accompanying memorandum of law is attached to this Notice of Removal as Exhibit B.

5.      Defendant Equifax filed its Answer and Affirmative Defenses ("Answer") on September 9, 2008. Equifax's Answer is attached to this Notice of Removal as Exhibit C.

6.      Experian filed its Answer and Affirmative Defenses to Plaintiff's Complaint on September 17, 2008. Experian's Answer is attached to this Notice of Removal as Exhibit D.

7.      To the best of Experian's knowledge, no other pleading has been filed by any other party in this case.

8.      Pursuant to 28 U.S.C. § 1446(b), this Notice is being filed with this Court within thirty (30) days after the defendants were first served with the Complaint setting forth the claims for relief upon which Plaintiff's action is based.

9.      Pursuant to 28 U.S.C. § 1441(a), venue of the removal action is proper in this Court because it is in the district and division embracing the place where the state court action is pending.

3

10.     Promptly after the filing of this Notice of Removal, Experian shall give written notice of the removal to the Plaintiff and will file a copy of this Notice of Removal with the Superior Court of the District of Columbia, as required by 28 U.S.C. § 1446(d).

11.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon Experian in the state court action is attached hereto as <u>Exhibit E</u>.

12.     Each remaining defendant in this matter consents to removal.  A copy of Defendants' individual joinders and consents to notice of removal are attached hereto as <u>Exhibit F</u>.

13.     Trial has not commenced in the Superior Court of the District of Columbia.

WHEREFORE, Experian prays that the above-described action now pending in the Superior Court of the District of Columbia be removed to this Court.

Dated:  September 18, 2008

Respectfully submitted,

Mae Cheung
D.C. Bar No. 493652
JONES DAY
51 Louisiana Ave. NW
Washington, D.C. 20001
Phone: (202) 879-3431
Fax: (202) 626-1700

*Counsel for Defendant*
*Experian Information Solutions, Inc.*

4

## CERTIFICATE OF SERVICE

I hereby certify on this 18th day of September 2008 that a copy of the foregoing was filed and served by mail to the following:

Jacoby A.M. DuBose
7209 13th Place
Takoma Park, Maryland 20912
Phone: (202) 246-3843
*Plaintiff, pro se*

Brian Meiners
KING & SPALDING LLP
1700 Pennsylvania Ave. NW, Ste 200
Washington, D.C. 20006-2706
Phone: (202) 626-2910
Fax: (202) 626-3737
*Counsel for Defendant*
*Equifax Information Services LLC*

Angela Whittaker-Pion
Matthew T. Wagman
Miles & Stockbridge, P.C.
10 Light Street
Baltimore, MD 21202
Phone: (410) 727-6464
*Counsel for Defendant*
*DFS Services LLC*

H. Mark Stichel
GOHN, HANKEY & STICHEL LLP
201 N. Charles St., Ste. 2101
Baltimore, MD 21201
Phone: (410) 752-1658
Fax: (410) 752-2519
*Counsel for Defendant*
*Trans Union LLC*

Max Cheung

5

**EXHIBIT A**

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
**500 Indiana Avenue, N.W.,  Room JM-170**
**Washington, D.C.  20001  Telephone: 879-1133**

Jacoby A. M. DuBose _Plaintiff_

vs.

Experian                    _Defendant_

Civil Action No. _____

**0005985-08**

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below.  If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Jacoby A. M. DuBose (pro se)
Name of Plaintiff/ Attorney

7209 13th Place
Address Takoma Park, MD 20912

202.246.3843
Telephone

By _____
Deputy Clerk

Date August 11, 208

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-496/May 02

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (624-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

FILED
CIVIL ACTIONS BRANCH
AUG 1 4 2008
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

Jacoby A.M. DuBose
7209 13th Place
Takoma Park, MD 20912        *Plaintiff*        vs.

C 17

**0005985-08**

CIVIL ACTION NO. _____

**Defendants**

See ATTACHED

**COMPLAINT**

1.  Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.

These companies have destroyed my life and my credit history by negligent Enablement of Identity Fraud. Over course of the last 7 years I have suffered financially because they refuse to correct their faults. My Federal Consumer Rights have been violated, I can not continue college, I can not get a job, and I am forced to be homeless. This must end now.

Wherefore, Plaintiff demands judgment against Defendant in the sum of $ 200,000
with interest and costs.

202. 246. 3843
**Phone:**

DISTRICT OF COLUMBIA, SS

_____, being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the paintiff, exclusive of all set-off and just grounds of defense.

(Plaintiff)                                    Agent)

Subscribed and sworn to before me this _____ day of _____ AUG 1 3 2008 _____ 20 ___.

(Notary Public/Deputy Clerk)

FORM CV-1013 Nov. 00

Attachment - Defendants

Capital One – Corporation Service Company
11 South 12th Street
P.O. Box 1463
Richmond, VA 23218

Discover Card – Registered Agent
100 West Market Street
P.O. Box C
Greenwood, DE 19950

Lowes – Mr Terrance Scott (Registered Agent)
P.O. Box 1111
Wilkesboro, NC 28656

Equifax- Kent E Mast (Registered Agent)
1550 PEACHTREE ST NW
ATLANTA GA 30309

TransUnion
C/O PRENTICE-HALL CORP SYS INC
100 PINE ST
HARRISBURG PA 17108-0

Experian
NCAC
PO Box 9556
Allen TX 75013

**EXHIBIT B**

## IN THE SUPERIOR COURT OF THE
## DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| JACOBY A. M. DUBOSE | * | Civil Action No.: 2008 CA 005985 B |
| | | Judge Brook Hedge |
| Plaintiff, | * | |
| | | |
| v. | * | Next Event: Initial Conference: |
| | | 11/21/2008 |
| CAPITAL ONE, et al., | * | |
| | | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*     \*   \*   \*   \*   \*

| | | |
|---|---|---|
| JACOBY A. M. DUBOSE | * | Civil Action No.: 2008 SC2 006131 |
| | | Judge Frederick Sullivan |
| Plaintiff, | * | |
| | | |
| v. | * | Next Event: Initial Hearing: |
| | | 09/24/2008 |
| DISCOVER CARD | * | |
| | | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*     \*   \*   \*   \*   \*

## DFS SERVICES LLC'S MOTION TO CERTIFY AND CONSOLIDATE

Defendant, DFS Services LLC, incorrectly named and sued as Discover Card, by and through undersigned Counsel and for the reasons set forth in the accompanying Memorandum of Law in Support of this Motion, hereby moves to certify and consolidate the above-captioned actions pursuant to Superior Court Rule of Civil Procedure 42 given that both actions arise out of and are based upon identical questions of law and/or fact.

Respectfully submitted,

Matthew T. Wagman (Bar No. 472684)
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, MD 21202
410.385.3582

Attorney for Defendant,
DFS Services LLC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of September 2008, a copy of the foregoing

Motion to Certify and Consolidate was served by first-class mail, postage prepaid to:

Jacoby A. M. DuBose
7209 13th Place
Takoma Park, Maryland 20912

Capital One
11 South 12th Street
P.O. Box 1463
Richmond, Virginia 23218

Lowes
Attn: Mr. Terrance Scott
P.O. Box 1111
Wilkesboro, North Carolina 28656

Equifax, Inc.
Attn: Mr. Kent E. Mast
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

TransUnion
c/o Prentice-Hall Corp. Sys., Inc.
100 Pine Street
Harrisburg, Pennsylvania 17108

Experian, Inc.
NCAC
P.O. Box 9556
Allen, Texas 75013

Matthew T. Wagman

IN THE SUPERIOR COURT OF THE
DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| JACOBY A. M. DUBOSE | * | Civil Action No.: 2008 CA 005985 B |
| | | Judge Brook Hedge |
| Plaintiff, | * | |
| | | |
| v. | * | Next Event: Initial Conference: |
| | | 11/21/2008 |
| CAPITAL ONE, et al., | * | |
| | | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*        \*   \*   \*   \*   \*   \*

| | | |
|---|---|---|
| JACOBY A. M. DUBOSE | * | Civil Action No.: 2008 SC2 006131 |
| | | Judge Frederick Sullivan |
| Plaintiff, | * | |
| | | |
| v. | * | Next Event: Initial Hearing: |
| | | 09/24/2008 |
| DISCOVER CARD | * | |
| | | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*        \*   \*   \*   \*   \*   \*

## DFS SERVICES LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO CERTIFY AND CONSOLIDATE

Defendant, DFS Services LLC, incorrectly named and sued as Discover Card, pursuant to Superior Court Rule of Civil Procedure 42, moves to consolidate the above-captioned actions and in support thereof states as follows:

1.      Civil Action No.: 2008 SC2 006131, concerning a dispute with regard to Plaintiff's Discover Card account number ending in 8009, was initiated by the filing of a Statement of Claim in this Court's Small Claims and Conciliation Branch on or about August 4, 2008.

2.     Civil Action No.: 2008 CA 005985 B, also concerning a dispute with regard to Plaintiff's Discover Card account number ending in 8009, was initiated by the filing of a Complaint in this Court on or about August 14, 2008.

3.     The two actions grow out of the same event and based upon the allegations filed by the Plaintiff involve identical issues of fact.

4.     Superior Court Rule of Civil Procedure 42 permits this Court to consolidate the two actions. Specifically, Rule 42 states: "[w]hen actions involving a common question of law or fact are pending before the Court, it may order ... all the actions consolidated...."

5.     On August 26, 2008 counsel for DFS Services LLC conferred with the Plaintiff, who is acting as his own legal counsel, with regard to consolidating the two actions and Plaintiff refused to consent to the requested consolidation.

6.     Consolidation, however, would not prejudice any of the parties to either action.

7.     Accordingly, DFS Services LLC requests that the two actions be consolidated to promote judicial economy by avoiding the unnecessary costs and delays associated with trying the actions separately.

Respectfully submitted,

Matthew T. Wagman (Bar No. 472684)
MILES & STOCKBRIDGE P.C.
10 Light Street
Baltimore, MD 21202
410.385.3859

Attorney for Defendant,
DFS Services LLC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this *2nd* day of September 2008, a copy of the foregoing

DFS Services LLC's Memorandum of Law in Support of its Motion to Certify and Consolidate

was served by first-class mail, postage prepaid to:

Jacoby A. M. DuBose
7209 13th Place
Takoma Park, Maryland 20912

Capital One
11 South 12th Street
P.O. Box 1463
Richmond, Virginia 23218

Lowes
Attn: Mr. Terrance Scott
P.O. Box 1111
Wilkesboro, North Carolina 28656

Equifax, Inc.
Attn: Mr. Kent E. Mast
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

TransUnion
c/o Prentice-Hall Corp. Sys., Inc.
100 Pine Street
Harrisburg, Pennsylvania 17108

Experian, Inc.
NCAC
P.O. Box 9556
Allen, Texas 75013

Matthew T. Wagman

**EXHIBIT C**

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

JACOBY A.M. DUBOSE,                )
                                   )
                Plaintiff,         )
                                   )
v.                                 )     CIVIL ACTION NO. 0005985-08
                                   )
CAPITAL ONE, DISCOVER CARD,        )
LOWES, EQUIFAX, TRANSUNION,        )
and EXPERIAN,                      )
                                   )
                Defendants.        )
                                   )

## ANSWER AND DEFENSES OF DEFENDANT EQUIFAX INFORMATION SERVICES LLC TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant Equifax Information Services LLC ("Equifax"), by counsel, and hereby files its Answer to Plaintiff's Complaint as follows:

Equifax denies the allegations contained in Plaintiff's Complaint as they pertain to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Plaintiff's Complaint.

Equifax denies that Plaintiff is entitled to any of the relief set forth in Plaintiff's Complaint as it relates to Equifax.

4862618

US1900 9156154.1

## DEFENSES

Without assuming the burden of proof where it otherwise rests with the Plaintiff, Equifax pleads the following defenses to Plaintiff's Complaint:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim or cause of action against Defendant Equifax upon which relief can be granted.

## SECOND DEFENSE

Equifax has complied with the Fair Credit Reporting Act in its handling of plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

## THIRD DEFENSE

Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.

## FOURTH DEFENSE

At all relevant times herein, the plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of the plaintiff to use reasonable diligence to mitigate the same.  Therefore, plaintiff's recovery, if any, should be barred or decreased by reason of his failure to mitigate alleged losses.

## FIFTH DEFENSE

Plaintiff's state law claims, if any, are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681h(e).

## SIXTH DEFENSE

Some, or all, of Plaintiff's claims are barred by applicable statutes of limitation.

## SEVENTH DEFENSE

Plaintiff's complaint seeks the imposition of punitive damages. Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: BMW v. Gore, 517 U.S. 559 (1996); Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 923 (2001) and State Farm v. Campbell, 538 U.S. 408 (2003).

Equifax reserves the right to have additional defenses that it learns of through the course of discovery.

WHEREFORE, having fully answered Plaintiff's Complaint, Equifax prays that:

(1)   Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2)   That Equifax be dismissed as a party to this action;

4862618

3

US1900 9156154 1

(3)   That Equifax recover from Plaintiff its expenses of litigation, including attorneys' fees; and

(4)   That Equifax recover such other and additional relief as the Court deems just and appropriate.

This 9th day of September, 2008.

Respectfully submitted,

EQUIFAX INFORMATION
SERVICES LLC

By: _Brian Meiners_____
     Brian R. Meiners, Esq.
     King & Spalding LLP
     1700 Pennsylvania Avenue NW
     Suite 200
     Washington, D.C. 20006-2706
     (202) 626-2910
     Fax: (202) 626-3737
     Email: BMeiners@KSLAW.com

     Of Counsel:
     Stephanie Cope, Esq.
     King & Spalding LLP
     1180 Peachtree Street N.E.
     Atlanta, GA  30309-3521
     (404) 572-4600
     Fax: (404) 572-5100
     Email: scope@KSLAW.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day, a copy of the foregoing **DEFENDANT EQUIFAX INFORMATION SERVICES LLC ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** was filed and served by mail on anyone unable to accept electronic filing to the following:

Jacoby A.M. DuBose, Pro Se
7209 13th Place
Takoma Park, MD 20912

Dated: September 9, 2008

**EXHIBIT D**

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

JACOBY A. M. DUBOSE,

        Plaintiff,

     v.                                        **CIVIL ACTION NO. 0005985-08**

CAPITAL ONE, et al.,

        Defendants.

## DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant Experian Information Solutions, Inc. ("Experian"), improperly named as Experian, by undersigned counsel, and hereby files its Answer to Plaintiff's Complaint as follows:

Experian denies, generally and specifically, the allegations in Plaintiff's Complaint as they relate to Experian.  Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Plaintiff's Complaint.

Experian denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever.

## AFFIRMATIVE DEFENSES

Experian hereby sets forth the following affirmative defenses to the Complaint.

## FIRST AFFIRMATIVE DEFENSE
## (Failure to State a Claim)

Plaintiff's Complaint, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

## SECOND AFFIRMATIVE DEFENSE
### (Immunity)

All claims against Experian fail to the extent that they are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

## THIRD AFFIRMATIVE DEFENSE
### (Truth/Accuracy of Information)

Experian is not liable to Plaintiff to the extent that any information Experian communicated to any third person regarding Plaintiff was true.

## FOURTH AFFIRMATIVE DEFENSE
### (Proximate Cause)

Experian is not liable to Plaintiff for damages that were the direct and proximate result of the conduct of Plaintiff or others.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff's claims are barred, in whole or in part, the extent that Plaintiff has failed to mitigate her damages.

## SIXTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's claims against Experian fail to the extent that they are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

## SEVENTH AFFIRMATIVE DEFENSE
### (Intervening Superceding Cause)

Experian is not liable to the extent that Plaintiff's purported damages, which damages Experian continues to deny, are the results of acts or omissions of third persons over whom Experian had neither control nor responsibility.

WAI-2893256v1

## EIGHTH AFFIRMATIVE DEFENSE
### (Set-off/Recoupment)

Plaintiff's recovery is barred or limited, in whole or in part, under the principle of set-off and recoupment for damages or settlement amounts from others.

## NINTH AFFIRMATIVE DEFENSE
### (Compliance/Good Faith)

At all relevant times with respect to Plaintiff, Experian has acted in good faith and complied fully with the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* and relevant state laws.

## TENTH AFFIRMATIVE DEFENSE
### (Right to Assert Additional Defenses)

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

## PRAYER

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)     That Plaintiff take nothing by virtue of the Complaint herein;

(2)     that Experian be dismissed from this action;

(3)     For costs of suit and attorneys' fees herein incurred; and

(4)     For such other and further relief as the Court may deem just and proper.

WAI-2893256v1

Dated: September 17, 2008

Respectfully submitted,

Mae Cheung  (D. C. Bar No. 493652)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001-2113
Telephone:      (202) 879-3939
Facsimile:      (202) 626-1700

*Counsel for Defendant*
*Experian Information Solutions, Inc.*

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that on this _17<u>th</u>_ day of September, 2008, I have caused a true and correct copy of the foregoing **EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** to be served upon the following via first-class mail:

        Jacoby A. M. DuBose
        7209 13th Place
        Takoma Park, MD 20912
        *Plaintiff, pro se*

                                    Mae Cheung

- 5 -

**EXHIBIT E**



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

JACOBY DUBOSE
  Vs.                                    C.A. No.        2008 CA 005985 B
CAPITAL ONE

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge BROOK HEDGE
Date:  August 14, 2008
Initial Conference: 9:00 am, Friday, November 21, 2008
Location:  Courtroom 517
      500 Indiana Avenue N.W.
      WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

CA Form 1

# Superior Court of the District of Columbia

## CIVIL DIVISION
**500 Indiana Avenue, N.W.,  Room JM-170**
**Washington, D.C. 20001  Telephone: 879-1133**

Jacoby A. M. DuBose *Plaintiff*

vs.

Experian

*Defendant*

Civil Action No. **0005985-08**

## SUMMONS

To the above named Defendant:

 You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below.   If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

 You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Jacoby A. M. DuBose (pro se)
Name of Plaintiff's Attorney

7209 13th Place
Address Takoma Park, MD 20912

202.246.3843
Telephone

By _____
Deputy Clerk

Date  August 11, 208

**PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170**

**YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170**

**NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.**

CV(s)-496/May 03

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (624-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

FILED
CIVIL ACTIONS BRANCH
AUG 1 4 2008
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

Jacoby A.M. DuBose
7209 13th Place
Takoma Park, MD vs 20912

*Plaintiff*

(C17)

0005985-08

CIVIL ACTION NO. _____

*Defendants*

SEE ATTACHED

**COMPLAINT**

1. **Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.**

These companies have destroyed my life and my credit history by negligent Enablement of Identity Fraud. Over course of the last 7 years I have suffered financially because they refuse to correct their Faults. My Federal Consumer Rights have been violated, I can not continue college, I can not get a job, and I am forced to be homeless. This must end now.

**Wherefore, Plaintiff demands judgment against Defendant in the sum of $ 200,000 with interest and costs.**

202.246.3843
Phone:

DISTRICT OF COLUMBIA, SS

_____, being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all set-off and just grounds of defense.

(Plaintiff)

(Agent)

Subscribed and sworn to before me this _____ day of ____ AUG 1 3 2008 _____ 20 ___.

(Notary Public/Deputy Clerk)

FORM CV-1013 Nov. 00

Attachment - Defendants

Capital One – Corporation Service Company
11 South 12th Street
P.O. Box 1463
Richmond, VA 23218

Discover Card – Registered Agent
100 West Market Street
P.O. Box C
Greenwood, DE 19950

Lowes – Mr Terrance Scott (Registered Agent)
P.O. Box 1111
Wilkesboro, NC 28656

Equifax- Kent E Mast (Registered Agent)
1550 PEACHTREE ST NW
ATLANTA GA 30309

TransUnion
C/O PRENTICE-HALL CORP SYS INC
100 PINE ST
HARRISBURG PA 17108-0

Experian
NCAC
PO Box 9556
Allen TX 75013

**EXHIBIT F**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JACOBY A. M. DUBOSE,

      Plaintiff,

      v.

CAPITAL ONE, et al.,

      Defendants.

CIVIL ACTION NO. _____

## DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
## JOINDER AND CONSENT TO NOTICE OF REMOVAL ACTION

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Equifax Information Services LLC,

by counsel, hereby joins in and consents to the notice of removal of this action filed by

Defendant Experian Information Solutions, Inc., without waiving its rights to assert any personal

jurisdictional claims or other motions under the Federal Rules of Civil Procedure, including Rule

12 motions.

Dated: September 17, 2008

Respectfully submitted,

Brian Meiners (D.C. Bar No. 482039)
KING & SPALDING LLP
1700 Pennsylvania Ave NW, Suite 200
Washington, D.C. 20006-2706
Telephone:   (202) 626-2910
Facsimile:   (202) 626-3737
E-mail: bmeiners@kslaw.com

*Counsel for Defendant*
*Equifax Information Services LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JACOBY A. M. DUBOSE,

      Plaintiff,

    v.

CAPITAL ONE, et al.,

      Defendants.

CIVIL ACTION NO. _____

### DEFENDANT DFS SERVICES LLC'S
### JOINDER AND CONSENT TO NOTICE OF REMOVAL ACTION

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant DFS Services LLC, improperly pled as Discover Card, hereby joins in and consents to the notice of removal of this action filed by defendants, without waiving its rights to assert any personal jurisdictional claims or other motions under the Federal Rules of Civil Procedure, including Rule 12 motions.

Dated: September 17, 2008

                                        Respectfully submitted,

                                        Angela Whittaker-Pion
                                        D.C. Bar No: 468532
                                        Miles & Stockbridge P.C.
                                        10 Light Street
                                        Baltimore, MD 21202
                                        (410) 727-6464

                                        *Counsel for Defendant*
                                        *DFS Services LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JACOBY A. M. DUBOSE,** | |
| **Plaintiff,** | |
| **v.** | CIVIL ACTION NO. _____ |
| **CAPITAL ONE, et al.,** | |
| **Defendants.** | |

## DEFENDANT TRANS UNION LLC'S
## JOINDER AND CONSENT TO NOTICE OF REMOVAL ACTION

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Trans Union LLC, improperly pled as TransUnion, hereby joins in and consents to the notice of removal of this action filed by Defendant Experian Information Solutions, Inc., without waiving its rights to assert any personal jurisdictional claims or other motions under the Federal Rules of Civil Procedure, including Rule 12 motions.

Dated: September 17, 2008

Respectfully submitted,

H. MARK STICHEL
D.C. Bar No: 503038
GOHN, HANKEY & STICHEL, LLP
201 North Charles St., Suite 2101
Baltimore, MD 21201
(410) 752-1658; Fax: (410) 752-2519
hmstichel@ghsllp.com

*Counsel for Defendant*
*Trans Union LLC.*